Filed 11/22/13  In re G.R. CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re G.R. et al., Persons Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | E058441 |
| Plaintiff and Respondent, | (Super.Ct.No. RIJ118102) |
| v. | OPINION |
| G.R. et al., | |
| Defendants and Appellants. | |

APPEAL from the Superior Court of Riverside County.  Tamara L. Wagner,

Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Konrad S. Lee, under appointment by the Court of Appeal, for Defendant and

Appellant G.R.

Pamela Rae Tripp, under appointment by the Court of Appeal, for Defendant and

Appellant R.O.

1

Pamela J. Walls, County Counsel, Julie Koons Jarvi, Deputy County Counsel, for Plaintiff and Respondent.

G.R. (hereafter father), the father of G.R and C.R. (hereafter children), appeals from a judgment terminating his parental rights. The mother of the children has filed a joinder to father's appeal to the extent that it benefits her.[1]

Father's only contention on appeal is that the judgment must be reversed due to an error in the tribal notice required by the Indian Child Welfare Act of 1978 (ICWA). (25 U.S.C. § 1901 et seq.) We agree that there was an error in the notice, but we find that the error was harmless. We therefore affirm the judgment.

FACTS AND PROCEDURAL HISTORY

The facts are not in dispute. Because of the limited nature of the appeal, a detailed summary of the factual and procedural history is unwarranted and will be stated in summary form.

While father was in prison, a social worker and law enforcement went to the children's home after receiving a referral that the children's mother and stepfather were engaged in drug sales and domestic violence, and the children often did not have food to eat. Their stepfather was at home and under the influence of methamphetamine. The mother later returned and was also found to be under the influence of methamphetamine. The mother was arrested, and the children were taken into protective custody.

---

[1] The children are presently 10 and seven years old, respectively. The children have two half siblings from a different father.

On May 27, 2009, a petition was filed pursuant to Welfare and Institutions Code section 300, subdivisions (b) and (g),[2] and later amended, to allege the children were at risk because mother and the stepfather abused methamphetamine, and the house in which they lived was dirty and exposed them to drugs and drug paraphernalia. As to father, the petition alleged that he was incarcerated and had a history of drug abuse and arrests.

At the outset of the dependency proceedings, mother and father both denied any Native American ancestry.

At the jurisdiction hearing on July 14, 2009, the court found that ICWA did not apply. The allegations under section 300, subdivision (g), were stricken,[3] and the court sustained the petition under section 300, subdivision (b). The children were declared dependants of the court.

After a year, the court terminated reunification services and set a hearing date for a section 366.26 hearing. There were no adoptive parents identified at that time. The children were subsequently placed with the paternal grandmother, but later they were removed due to domestic violence that resulted in the arrest of the paternal grandmother. The children disclosed that the parental grandmother was physically abusive to them, and they did not want to be returned to her care. It took about two and one-half years to find a prospective adoptive home.

---

[2] All further statutory references are to the Welfare and Institutions Code.

[3] Father had been paroled from prison. He was in and out of prison or jail a number of times during the course of this long dependency.

Belatedly, on February 14, 2012, the maternal grandmother informed the court that her family may have Indian heritage. Mother filed an updated parental notification of Indian status form on that same date indicating that she might have Navajo or Cherokee ancestry. The court ordered that notice pursuant to ICWA be given. ICWA notice was mailed and filed. On July 13, 2012, the court found that ICWA did not apply.

Finally, on March 21, 2013, the court terminated the parental rights of both parents. At that time, the children had been living in their prospective adoptive parents' home for over one year and doing well.

## DISCUSSION

Father does not claim any Indian heritage; however, he still has standing to raise insufficiency of the ICWA notice on appeal. (*In re B.R.* (2009) 176 Cal.App.4th 773, 779.) Also, any failure to raise defects in the ICWA notice in the trial court does not result in forfeiture of the issue on appeal. (*Ibid.*)

Section 224.2, subdivision (a)(5)(C), requires that tribal notice must include: "All names known of the Indian child's biological parents, grandparents, and great-grandparents, or Indian custodians, including maiden, married and former names or aliases, as well as their current or former addresses, birthdates, places of birth and death, tribal enrollment numbers, and any other identifying information, if known."

Father contends, and respondent does not really dispute, that the notice was defective. Father argues that the judgment must be reversed because the notice did not include the pertinent information regarding *his* paternal bloodline. No information

4

required by the above cited statute regarding the names, addresses, dates of birth, etc., of the *paternal* bloodline was included in the notice sent to the tribes.

Father makes no claim that the notice was inadequate with respect to the *maternal* bloodline. Father contends that the information concerning his bloodline is statutorily required even if only mother is making a claim of Native American ancestry; therefore, he argues that he is entitled to a reversal of the judgment. Respondent replies that if notice was defective, reversal is not required unless any error was prejudicial. We agree with respondent.

Our analysis begins and ends with this court's decision in *In re Cheyanne F.* (2008) 164 Cal.App.4th 571 (*Cheyanne F.*) [Fourth Dist., Div. Two]. It is squarely on point. In *Cheyanne F.*, the mother appealed the termination of her parental rights. (*Id.* at p. 573.) The only issue that she raised on appeal was the adequacy of the tribal notification. (*Id.* at p. 575.) She did not claim Native American ancestry, but her husband, who did not appeal the termination of his parental rights, claimed Blackfeet tribal heritage. (*Id.* at p. 574.) The notice to the Blackfeet Tribe included all of the statutorily required information regarding the father's bloodline, but it did not include virtually all of the required information regarding mother's bloodline such as her place of birth and the names of her parents and grandparents. (*Id.* at pp. 574, 577.) The Blackfeet Tribe twice requested additional information regarding relatives' names, birthplaces, etc. (*Id.* at pp. 574-575.) Ultimately, the court found that ICWA did not apply. (*Id.* at p. 575.)

The mother in *Cheyanne F.* contended on appeal, as father does here, that the failure to provide the tribe with the statutorily mandated information regarding her bloodline constituted a fatal defect requiring reversal of the judgment without regard to prejudice. We found that failure to comply with the mandate of section 224.2, subdivision (a)(5)(C), is subject to the harmless error analysis. (*Cheyanne F.*, *supra*, 164 Cal.App.4th at p. 577) We held that, in the absence of any indication that information concerning a non-Indian parent's family was relevant under ICWA, there is no basis to conclude that the outcome of a termination proceeding would have been any different if information had been given regarding the parent's place of birth and the required information concerning the parent's parents and grandparents. Thus, the failure to provide the mandated information was harmless error. (*Id*. at pp. 577-578.)

So it is here also. Father has never claimed that he has Native American heritage. In the absence of any indication of such a heritage, there is no basis to conclude that the outcome below would have been any different if notice had been properly given. The error here was harmless.[4]

---

[4] In his reply brief, father asks us to revisit and reconsider our decision in *Cheyanne F.*, *supra*, 164 Cal.App.4th 571. We find no reason to reconsider it and decline to do so.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
                                                                    J.

We concur:


HOLLENHORST
            Acting P. J.


KING
            J.


7